### HARDING *vs.* HEAD.

Previous to the act of April 12, 1858, to change the school year, &c., two trustees of a school district had no power to apportion a tax, or to issue a warrant for the collection thereof, without a third trustee being associated with them. If there was a vacancy in the office of trustee, the law made provision for supplying it.

APPEAL from a judgment of the Steuben county court, affirming a judgment of a justice of the peace.

*John H. Martindale,* for the appellant.

*James H. Stevens, Jr.,* for the respondent.

*By the Court,* WELLES, J. The action before the justice was commenced on the 13th day of January, 1858, against the appellant and John McNaughton, Henry Harding and Horace Wheeler. The complaint was for wrongfully entering upon the plaintiff's premises in the town of Fremont, Steuben county, and taking and converting to their own use a heifer, of the value of thirty dollars. The defendants denied the matters stated in the complaint, and the defendants Head and Harding set up as a justification that they were trustees of school district No 2 in the town of Fremont, and that the property in question was levied upon and sold by the collector of said district by virtue of a warrant duly issued by said defendants, as such trustees, to said collector, to collect a tax duly assessed by them upon the taxable inhabitants of the district, in pursuance of a vote &c. for wood, repairs of school house, &c.; stating that said defendants Head and Harding were the only trustees acting in said district at the time of making the assessment and issuing the warrant and the levy and sale of the property in question.

The defendant McNaughton justified as collector of said district, under said warrant.

The defendant Wheeler stated in his answer that the prop-

erty in question was levied upon and sold as stated by the other defendants; that prior to making the assessment and warrant he, the said Wheeler, resigned the office of trustee, &c., which resignation was accepted by the supervisor, prior to such assessment and warrant, and that he did not sign the warrant &c. or have any thing to do with either the assessment or warrant. On the trial the plaintiffs were nonsuited as to the defendants Wheeler and Harding. A motion to nonsuit as to the defendant Head was made and denied. The justice rendered judgment in favor of the defendant McNaughton, and in favor of the plaintiff against the defendant Head, for $15 damages and $5 costs.

After the plaintiff had rested his case and the court had nonsuited him as to the defendants Wheeler and Harding, the other defendants gave in evidence a tax warrant, with the names of the appellant and the defendant Harding subscribed thereto as trustees, dated December 1, 1857, directed to the collector of the district, commanding him to receive and collect from the persons named in a list annexed, the several sums mentioned in the last column, opposite the names respectively. There appears to be no objection to the form of the warrant.

The sums collectible of the plaintiff, whose name was on the list, amounted to between three and four dollars. The warrant was delivered to the defendant McNaughton, who was the district collector; who levied upon and sold the heifer in question to satisfy the tax against the plaintiff.

It is evident that the appellant and the defendant Harding, who apportioned the tax and signed the warrant, acted upon the supposition that there was no legal or acting trustee of the district besides themselves, and the appellant now claims that such was the fact. The respondent claims that the appellant was not a trustee at all, at any time during the proceedings in question, and that there were in fact three regular trustees in the district, viz. the defendant Harding,

Harding *v.* Head.

Alfred Horton and the defendant Wheeler, only one of whom took part in apportioning the tax and issuing the warrant; also that the defendant Harding did not himself sign the warrant nor assist in making the list, but that before the same was made out and completed or annexed to the warrant, he authorized the appellant to sign his name when it was completed. It is unnecessary to decide which of these various aspects, if either, is the true one, as, upon either hypothesis, the warrant was illegally issued. It is clear, upon the evidence, that no one took any part in making the apportionment or issuing the warrant, nor was present or consulted, or notified to be present, when the acts were done, but the appellant, and the defendant Henry Harding, whose names appear to the warrant. Assuming that they were both trustees, and that they were the only ones in the district, they had not the power to make the apportionment, or to issue the warrant, without a third trustee being associated with them. There was no law, at that time, allowing a school district to be organized so as to assess and tax the inhabitants and collect taxes with less than three trustees to confer together, although two could act where all three were present and the other refused to concur. If there was a vacancy in the office of trustee, the law made provision for supplying it. (*Laws of* 1847, *ch.* 480, § 62, *and sub.* 3, § 77. *Laws of* 1856, *ch.* 179, §§ 17, 26.) The law allowing the electors of school districts to determine by resolutions, at their annual meetings, whether there should be chosen one or three trustees, was not passed until after the judgment of the justice in this case was rendered, (*Sess. Laws of* 1858, *ch.* 151, § 6;) and if it had been passed before the tax in question had been apportioned, it would not help the appellant, as no such resolution has been passed by the district; and besides, the law contemplates a choice between one and three, and does not authorize the district to act with only two trustees. Without considering any of the other objec-

tions to the proceedings of the defendants in levying and collecting the tax in question, we think this one conclusive.

The objections to the rulings of the justice in the course of the trial were none of them tenable.

The judgment of the county court should be affirmed.

[MONROE GENERAL TERM, March 5, 1860. *Welles, Smith* and *Johnson,* Justices.]